**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5591-18T3

MERCK SHARP & DOHME
CORP., a New Jersey Corporation,

     Plaintiff-Appellant,

v.

TOWNSHIP OF BRANCHBURG,

     Defendant-Respondent.

_____

Argued telephonically May 12, 2020 –
Decided August 17, 2020

Before Judges Hoffman, Currier, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1172-08.

Christopher John Stracco argued the cause for appellant (Day Pitney LLP, attorneys; Christopher John Stracco, Sarah Sakson Langstedt, and Erin Hodgson, on the briefs).

Mark S. Anderson argued the cause for respondent (Woolson Anderson Peach, PC, attorneys; Christine Louise Nici and Mark S. Anderson, on the brief).

PER CURIAM

In 2008, defendant Township of Branchburg (Branchburg or the Township) adopted a land use ordinance which reduced the density of property (the Property or the Merck Property) owned by plaintiff Merck Sharp & Dohme Corp. (Merck) to one residence per six acres. Merck challenged the rezoning by filing a complaint in lieu of prerogative writs and in March 2016 the Law Division invalidated the ordinance; however, in doing so, the trial court proclaimed a new standard for reviewing the legality of ordinances by placing the burden on the municipality. Branchburg appealed and we vacated the prerogative writ order and remanded for the Law Division to apply the proper standard for reviewing municipal ordinances. Merck now appeals from the Law Division's August 14, 2019 remand order sustaining the challenged ordinance as applied to the Merck Property and dismissing its complaint with prejudice. We affirm.

I

We begin by summarizing the relevant facts and procedural history set forth in more detail in our December 13, 2018 opinion. See Merck Sharp & Dohme Corp., a New Jersey Corporation v. Township of Branchburg, No. A-0843-16 (App. Div. December 13, 2018) (slip op.). The Merck Property consists of three adjacent tax lots in Branchburg that, taken together, constitute

approximately 206 acres in the central part of Branchburg. Most of the land in the central part, other than the Merck Property, is dedicated to residential or commercial uses. The Merck Property is triangular, bounded to the east by River Road, which runs alongside the Raritan River, and bounded on all other sides by single-family residential developments.

The Merck Property constitutes the last remaining large, undeveloped parcel in the vicinity. According to the United States Department of Agriculture, the parcel consists of 41.3 percent prime farmland, 41.4 percent farmland of statewide importance, and 5.6 percent farmland of local importance. The Merck Property is assessed as farmland for tax purposes, and much of it is currently farmed. The State Development and Redevelopment Plan (the State Plan) designates the Merck Property as within Planning Area 2 (SPA2), which is intended to accommodate much of the State's future growth due to access to infrastructure supporting development.

The 2006 Master Plan Re[-]Examination Report (the 2006 Report) noted the goal of preserving the town's rural character had become "increasingly difficult," and found the three-acre Agricultural Zone no longer sufficient to maintain the rural ambiance of the town. It recommended the creation of a new district to combine agricultural and other open lands along the riverfront

corridor into a "continuous low intensity/conservation zone throughout the Township . . . ." Due to development, the report cited the need to retain "large contiguous masses of farmland and other undeveloped lands" and recommended a six-acre minimum lot size, with a residential clustering component.

On July 23, 2008, Branchburg adopted Ordinance 2008-1093 (the Ordinance), implementing the recommendations of the 2006 Report and created the Raritan River Corridor District (RRC District). The Ordinance requires a six-acre minimum lot size in the RRC District, which includes the Merck Property. As a result, the zoning density for the Merck Property went from one residence per acre to one residence per six acres. The Township maintained the prior zoning of one residence per acre for the existing residential developments that abut the northwest and southwest borders of the Property.

In August 2008, Merck filed a complaint in lieu of prerogative writs in the Law Division, challenging the rezoning ordinance as arbitrary, capricious, and unreasonable as applied to the Property. The trial court initially agreed and invalidated the ordinance. However, in doing so, the court proclaimed a new standard for reviewing the legality of ordinances that "involve drastic density reductions in growth areas," by presuming such ordinances invalid and placing the burden to justify their necessity on the municipality. The Township appealed

4

and we vacated and remanded the decision for the trial court to apply the proper legal standard for reviewing a municipal ordinance – with a presumption of validity.

On remand, Judge Thomas C. Miller[1] held a prerogative writ trial on July 23, 2019. The parties agreed for the trial court to consider the matter on remand based on the complete record of the initial prerogative writ trial, as supplemented by additional oral argument. That record included extensive expert testimony from a professional planner for each side.

At the remand trial, Merck maintained the ordinance as applied to the Property is invalid because the restrictions imposed were not reasonably related to any of the purposes identified by the Township in its 2006 Report or the Ordinance itself. Branchburg countered the inclusion of the Merck Property in the RRC district is reasonable because it is comprised largely of important farmland, sits along the Raritan River Corridor, and imparts a rural and scenic character on the town – all features which motivated the creation of the RRC District. In addition, the Township emphasized that the Merck Property is

---

[1] The trial judge who presided at the first prerogative writ trial retired before our remand.

A-5591-18T3

already encumbered by sensitive environmental factors, including steep slopes, flood plains and a forest habitat.

On August 14, 2019, Judge Miller entered the order under review, dismissing Merck's amended complaint with prejudice because "[t]he Township's Ordinance has been found to be a sustainable action within their reasonable discretion . . . ." In his accompanying thirty-eight-page written opinion, Judge Miller summarized and compared the testimony of the parties' expert professional planners in the first trial – Paul Phillips, who testified for Merck, and Francis J. Banisch, III, who testified for the Township. The judge's opinion reviewed the: 1) underlying basis for the "purposes of zoning" that the experts relied on; 2) analysis of the 2006 Master Plan; 3) analysis of the treatment of the Merck property under the State Plan; 4) prior treatment of the Merck Property under the prior master plan and zoning; 5) reasonableness of the ordinance as applied to the Merck property; and 6) whether the RRC district was arbitrarily drawn.

Judge Miller considered the matter on remand by applying the proper standard of review, that a municipal ordinance is presumed valid absent a showing that its enactment was clearly arbitrary, capricious and unreasonable. In doing so, Judge Miller applied the four-part, objective test for validating

municipal ordinances established in <u>Riggs v. Township of Long Beach</u>, 109 N.J. 601, 611-12 (1988).  He found only the first prong, that the ordinance at issue "must advance one of the purposes of the [Municipal Land Use Law (MLUL)] as set forth in N.J.S.A. 40:55D-2[,]" relevant because the remaining prongs were inapplicable due to concessions made by Merck and the previous trial judge dismissed or severed any constitutional issues.

Judge Miller concluded that his review of the record confirmed the Township provided, through the opinions of Banisch, that the Ordinance advances many of the purposes encompassed in the MLUL.  Judge Miller reasoned, "If the Ordinance is 'debatable,' it must be upheld.  `The Ordinance cannot be found to be arbitrary, capricious, or unreasonable if it is also said to be fairly debatable.  That is the exact circumstance that the [c]ourt finds to be present here."  Although Judge Miller opined that both experts provided rational bases for their opinions, he concluded the Township provided a "plausible, supportable, rationale and debatable basis for [its] opinions" and that "it would be improper for [the court] to inject its own views concerning how or whether [the Ordinance] could have been drawn differently."

A-5591-18T3

II

On appeal, Merck contends Judge Miller erred by concluding the Township provided a rational basis for its inclusion of the Merck Property in the RRC District. Merck argues the rezoning of its property was inconsistent with Branchburg's Master Plan and the purpose of the Ordinance itself. Merck also argues that Judge Miller failed to review the entire prerogative writ trial record.

Our review is governed by well-established principles. "[W]hen reviewing the decision of a trial court that has reviewed municipal action, we are bound by the same standards as was the trial court." Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). Therefore, our review of the Township's actions is limited.

"[P]ublic bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion." Jock v. Zoning Bd. of Adjustment of Wall, 184 N.J. 562, 597 (2005). Thus, "[t]he proper scope of judicial review is not to suggest a decision that may be better than the one made by the [Township], but to determine whether the [Township] could reasonably have reached its decision on the record." Ibid. A reviewing court must not substitute its own judgment for that of the municipality unless there is a clear abuse of discretion. Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W.

A-5591-18T3

Windsor Twp., 172 N.J. 75, 82 (2002) (citing Med. Realty Assocs. v. Bd. of Adjustment, 228 N.J. Super. 226, 233 (App. Div. 1988)).

Municipal ordinances are presumed to be valid, and the presumption of validity may not be overcome unless the ordinance is "clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the [zoning] statute." Riggs, 109 N.J. at 610-11 (quoting Bow & Arrow Manor v. Town of West Orange, 63 N.J. 335, 343 (1973)). The party challenging the ordinance "bears the burden of overcoming the presumption." Id. at 611 (citing Ward v. Montgomery Twp., 28 N.J. 529, 539 (1959); La Rue v. East Brunswick, 68 N.J. Super. 435, 454 (App. Div. 1961)).

"Courts should not question the wisdom of an ordinance, and if the ordinance is debatable, it should be upheld." Ibid. (citing Bow & Arrow Manor, 63 N.J. at 343). Although the court's role in reviewing the validity of an ordinance is "circumscribed," the court may declare a zoning ordinance invalid if it does not meet certain criteria. Ibid. (citing Taxpayer Ass'n of Weymouth Twp. v. Weymouth Twp., 80 N.J. 6, 21 (1976)).

Two such criteria are relevant to this appeal. The Ordinance must advance one or more purposes of the MLUL,[2] and the Ordinance also must be

---

[2] N.J.S.A. 40:55D-1 to -163.

"substantially consistent" with the land use and housing elements of the Township's master plan. Ibid. (citing Weymouth Twp., 80 N.J. at 21).

Judge Miller found the Township identified eight MLUL purposes advanced by creating the RRC District and incorporating the Merck Property: a.) encourage municipal action to guide the appropriate use or development of all lands in this State, in a manner which will promote the public health, safety, morals, and general welfare; b.) secure safety from fire, flood, panic and other natural and man-made disasters; c.) provide adequate light, air and open space; d.) ensure that the development of individual municipalities does not conflict with the development and general welfare of neighboring municipalities, the county and the State as a whole; e.) promote the establishment of appropriate population densities and concentrations that will contribute to the well-being of persons, neighborhoods, communities and regions and preservation of the environment; g.) provide sufficient space in appropriate locations for a variety of agricultural, residential, recreational, commercial and industrial uses and open space, both public and private, according to their respective environmental requirements in order to meet the needs of all New Jersey citizens; i.) promote a desirable visual environment through creative development techniques and good civic design and arrangement; j.) promote the conservation of historic sites

10

and districts, open space, energy resources and valuable natural resources in the State and to prevent urban sprawl and degradation of the environment through improper use of land. See N.J.S.A. 40:55D-2.

We are satisfied that the Township provided a plausible basis from which Judge Miller could reasonably conclude the Ordinance advanced one or more of our MLUL's purposes. The record also reflects the Township presented credible evidence that the Ordinance's enactment is consistent with the Township's Master Plan and the State Plan.

In recommending the establishment of a "Resource Conservation Zone," the Township's 2006 Master Plan Reexamination set forth two goals: 1) the preservation of the rural character of Branchburg's undeveloped areas and 2) provide for open space and community facilities for existing and future residents of the Township. Furthermore, the Township enacted the Ordinance to reduce urban sprawl, preserve farmland and open space, protect dwindling wildlife habitats and prime soils, promote the continuation of farming operations, and to retain flood plains and other open lands to perform their natural functions. Branchburg's Master Plan initiatives are similar to those advanced by the State Plan.

The Merck Property was historically farmland. The land is comprised of 41.3 percent prime soil and farmland. Another 41.4 percent of the Merck property consists of farmland of statewide importance and 5.6 percent consists of farmland for local importance. In total, 88.3 percent of the Merck property consists of potentially productive farmland. Judge Miller found the Township advanced credible evidence for concluding the Merck Property's characteristics helped advance the preservation of farmland and prime soils, and the prevention of urban sprawl – goals the Township sought to achieve in enacting the Ordinance and increasing the minimum lot size. Furthermore, New Jersey requires a minimum acreage of "not less than 5 acres in area" to be assessed as land devoted to agricultural or horticultural use. See N.J.S.A. 54:4-23.3. Thus, the rezoning allows the six acre lots to be assessed for agricultural use where the previous one acre minimum did not.

The record before Judge Miller supported his conclusion that both the Township and Merck provided "plausible, supportable, rational and debatable" reasons for the creation of the RRC District and the inclusion of the Merck Property; therefore, the Township is entitled to deference as it offered supportable propositions well within its authority. We conclude Merck did not

12

demonstrate that the Ordinance was clearly arbitrary, capricious, and unreasonable.

We also note that Judge Miller did not ignore the facts and arguments presented by Merck on remand, as it argues on appeal; rather, once the Township presented plausible, credible evidence of the Ordinance's validity it was entitled to deference against the equally rational testimony presented by Merck supporting the exclusion of the Merck property in the RRC District. Moreover, because the original trial court's fact-finding was inextricably intertwined with the erroneous legal standard it applied, we held that we could not sustain that court's factual findings or credibility determinations.

We also reject Merck's argument that Judge Miller failed to review its challenge "as applied" to the Merck Property and instead reviewed the ordinance generally. Judge Miller acknowledged his task on remand was to determine the validity of the ordinance as applied to the Merck Property; in his opinion, he analyzed the Merck Property's physical characteristics and land use history. In addition, the judge carefully reviewed and analyzed the opinions of the competing experts of the Ordinance "as applied" to the Merck Property.

We further find no merit in Merck's contentions that Judge Miller failed to review the entire record before him or consider all of plaintiff's arguments.

Judge Miller stated he reviewed the record in its entirety and took the parties respective arguments into consideration. The fact that the opinions of the Township's expert predominate Judge Miller's summary chart does not indicate any failure to consider the opinions expressed by Merck's expert.

Likewise, Judge Miller did not make his own factual findings and credibility determinations, as Merck contends. Instead, he adopted the factual findings made by the first trial judge, as both parties agreed he could render his decision on remand without further testimony. As for credibility determinations, Judge Miller concluded from his review of the record that the first trial judge did not make any credibility determinations in the traditional sense; rather, he "expressed a disagreement" with the Township's expert concerning the expert's conclusions, not the "factual basis for his opinions."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14                                                                 A-5591-18T3